IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID HATCHIGIAN, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action |
| KAPLAN (sic) STEWART METLOFF, | : | No. 17-3156 |
| REITER & STEIN, P.C., et al., | : | |
| Defendants. | : | |

**McHUGH, J.**                                                        January 9, 2018

**MEMORANDUM**

This case arises from an ongoing state court action brought by Defendant Kaplin, Stewart, Metloff, Reiter & Stein, P.C. ("Kaplin Stewart") on behalf of Defendant Stewart Title Guaranty Company ("STGC"). In that action, Defendant Kaplin Stewart filed a Motion for Alternative Service that included Plaintiff's unredacted social security number. Plaintiff previously brought an action in this Court based on the same facts, but I dismissed that action for lack of subject matter jurisdiction, and having dismissed his federal claim, declined to exercise supplemental jurisdiction over his state law claims. *See* Pl.'s Ex. C, ECF No. 1.

Plaintiff has now brought this action over a year later, raising analogous claims, but asserting a new basis for federal jurisdiction. Defendants move to dismiss the case for lack of subject matter jurisdiction and for failure to state a claim. Although Plaintiff premises jurisdiction on a different federal statute, the Fair Debt Collection Practices Act ("FDCPA"), the result is the same: I find that Plaintiff's FDCPA claim is barred by the applicable statute of limitations, and decline to exercise supplemental jurisdiction over Plaintiff's state law claims.[1]

---

[1] Notwithstanding Plaintiff's FDCPA claim, the gravamen of his allegations is that Defendants brought the underlying revival action despite being aware that the underlying (2007) judgment against him had

1

As those represent Plaintiff's sole avenues for jurisdiction, I again dismiss for lack of subject matter jurisdiction.[2]

An action under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Plaintiff argues Defendants violated sections 1692d—prohibiting "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," and 1692e, which prohibits using "false, deceptive or misleading representation or means in connection with collecting any debt."

Per Plaintiff's section 1692d claim, he essentially argues that the ongoing debt collection litigation brought by Defendants Kaplan Stewart and STGC is improper. *See* Pl.'s Resp. Br. 42, ECF No. 16-2 (referring to the Writ of Revival, "the filing of such a writ . . . is illegitimate ab initio, [because Kaplin Stewart] was on notice the judgment lien had previously been satisfied by payment of settlement funds"). The Third Circuit has yet to determine whether the limitations period begins to run upon filing of the underlying collection action, or the date on which the purported debtor was served with the complaint. *See Schaffhauser v. Citibank (S.D.) N.A.*, 340 F. App'x 128, 131 (3d Cir. 2009).

---

been satisfied. That those allegations are likely also the center of the underlying state court dispute weighs in favor of at least declining to exercise supplemental jurisdiction over the remaining claims, especially because the judgment lien itself pertains to Plaintiff's property, *see Kline v. Burke Const. Co.*, 260 U.S. 226, 229 (1922) ("[W]here the jurisdiction of the state court has first attached, [a] federal court is precluded from exercising its jurisdiction over the same res to defeat or impair the state court's jurisdiction.").

That being said, Defendants' invocation of "at least the spirit of *Rooker-Feldman*" is somewhat misguided, since "spirit" might be all that is left of the doctrine. *See* Samuel Bray, *Rooker Feldman (1923-2006)*, 9 Green Bag 2d 317 (2006) ("Rooker Feldman, the legal personality, died yesterday at his home in Washington, D.C."). Not even an entry of judgment in state court would automatically trigger the doctrine, let alone an ongoing state court proceeding. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005) ("This Court has repeatedly held that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.").

[2] I have considered the additional allegations raised in Plaintiff's sur-reply brief but reach the same conclusion: I am without jurisdiction.

But that is of no moment here. The underlying action was brought in March 2016, and Plaintiff was properly served by June 15, 2016 at latest—the date on which he instituted his first action premised on the disclosure. Def. Kaplin Stewart's Mot. 4, ECF No. 13-2. Plaintiff initiated this action more than a year later on July 14, 2017. This claim is therefore time-barred under either approach.

In *Schaffhauser,* a panel of the Third Circuit also expressly rejected the argument that the ongoing underlying lawsuit should constitute a continuing violation, and expressed serious reservation about such an approach. 340 F. App'x at 131. In light of that explicit refusal, I see no legal authority on which to adopt such a rule here.

The same applies to Plaintiff's latter claim under section 1692e. The basis of this claim is the initial and alleged ongoing disclosure of Plaintiff's social security number during the state court filing.[3] Preliminarily, it should be noted there is no ongoing disclosure of Plaintiff's social security number. Plaintiff concedes that his belief to the contrary is premised on the fact that he can personally view the unredacted filing through a court-provided log in and password. *See* Pl.'s Resp. Br. ¶ 48. But although the parties to the action have that ability, the general public has not had access to view the document since it was sealed on July 14, 2016. An independent review of the state court docket confirms that to be the case.[4] Plaintiff's private information has therefore not been exposed to the general public since that date.

In any case, Plaintiff's section 1692e claim is also time-barred. The underlying disclosure occurred on May 10, 2016, when Kaplin Stewart's Motion for Alternative Process was filed. Even if the discovery rule were deemed applicable, Plaintiff necessarily became

---

[3] Defendant Kaplin Stewart concedes that there was an initial disclosure, but disputes that it is ongoing.

[4] Without using the login information of one of the parties, it is not possible to view the sealed motion after entering the case identification number (060300219) at https://fjdefile.phila.gov/efsfjd/zk_fjd_public_qry_03.zp_dktrpt_frames.

aware of the disclosure of his personal information more than a year before he filed this action. In fact, it was service of his earlier federal case, filed on June 15, 2016, that prompted the Defendants to move to seal the record in state court.  Plaintiff's June 2016 Complaint clearly demonstrates his knowledge of the injury, rendering this action, not filed until mid-July of 2017, untimely.

I therefore dismiss Plaintiff's FDCPA claims pursuant to the statute of limitations. Because they were Plaintiff's sole basis for federal jurisdiction, and I decline to exercise supplemental jurisdiction over his state law claims, I will dismiss the case for lack of subject matter jurisdiction.

    /s/ Gerald Austin McHugh
United States District Judge